1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6  TONY J JACKSON,

7                          Plaintiff,

8          v.

9  KYLE MCNEIL,

10                        Defendants.

Case No. C19-6245 RJB-TLF

ORDER TO SHOW CAUSE

11          This matter comes before the Court on plaintiff's filling of an application to

12  proceed *in forma pauperis* and proposed civil rights complaint. Dkt. 1-1, 8. In light of the

13  deficiencies in the complaint discussed herein, the Court will not direct service of the

14  complaint at this time. Plaintiff will be provided the opportunity -- by June 26, 2020 -- to

15  show cause why the complaint should not be dismissed or file an amended complaint.

16                                    Background

17          Plaintiff alleges that he was indicted for "Sex Trafficking Through Force, Fraud,

18  and Coercion" and "Transportation for the Purpose of Prostitution." Dkt. 1-1 at 7. Plaintiff

19  also states that the indictments included "a criminal forfeiture allegation, in which the

20  United States provided notice of its intent to forfeit [plaintiff's vehicles]." *Id.* Plaintiff

21  contends that the United States also filed a "First Bill of Particulars for Forfeiture of

22  Property" providing notice that the United States intended to forfeit the vehicles

23  identified in the indictment and four additional vehicles. *Id.* The complaint next states

24
25

ORDER TO SHOW CAUSE - 1

1  that the United States Marshal's Service released one of the vehicles to the vehicle's

2  lienholder. Dkt. 1-1 at 7.

3      Next, plaintiff states that the United States amended the previous "Bill of

4  Particulars" to provide notice "that it was no longer seeking forfeiture of any of the

5  assets listed in the Indictment or the First Bill of Particulars, due to lack of equity in the

6  property." *Id.* Plaintiff contends that the United States Marshal's Service released the

7  other vehicle identified in the indictment to the vehicle's owner. Dkt. 1-1 at 8.

8      The complaint states that plaintiff was convicted and sentenced, but that the

9  United States did not pursue forfeiture of any assets as part of his sentence. *Id.* Plaintiff

10  alleges that he filed a motion for return of seized property, and the United States agreed

11  to return currency, a tablet computer, and two cell phones, to plaintiff's attorney. *Id.*

12  Plaintiff also contends that a Court granted his second motion for return of seized

13  property and ordered the United States to return plaintiff's property. *Id.* Plaintiff states

14  that he has filed a motion to enforce judgment and return seized property. *Id.*

15      The only named defendant in the proposed complaint is Kyle McNeil. Dkt. 1 at 1.

16  The complaint alleges that Kyle McNeil was the FBI Agent that coordinated and ran the

17  joint task operation that seized plaintiff's vehicles. Dkt. 1-1 at 8. Plaintiff contends that

18  defendant failed to commence administrative forfeiture proceedings in accordance with

19  28 C.F.R. 8.8. *Id.* Plaintiff alleges that his vehicles were "released [and] converted

20  without notice or a hearing for [...] Plaintiff to contest his interest." *Id.*

21                      Discussion

22      A district court may permit indigent litigants to proceed *in forma pauperis* upon

23  completion of a proper affidavit of indigency. See, 28 U.S.C. § 1915(a). The court has

24

25

broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

1

2   A. 42 U.S.C. § 1983

3       Here, plaintiff's proposed complaint fails to allege sufficient facts to state a cause
    of action under 42 U.S.C. § 1983.

4       42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected

5   rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S.

6   527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327

7   (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct

8   complained of was committed by a person acting under color of state law, and (2) the

9   conduct deprived a person of a right, privilege, or immunity secured by the Constitution

10  or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an

11  alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769

12  F.2d 1350, 1354 (9th Cir. 1985).

13      To state a claim under Section 1983, a plaintiff must set forth the specific factual

14  bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616

15  F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials

16  participating in a civil rights violation are not sufficient to support a claim under Section

17  1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

18      Here, plaintiff has failed to allege a claim that would be cognizable in a Section

19  1983 complaint, because plaintiff does not allege that the named defendant acted under

20  color of state law. In fact, plaintiff contends that the named defendant is an F.B.I. agent,

21  a federal actor, not a State actor. Accordingly, plaintiff has failed to allege a Section

22  1983 action.

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

B.  Bivens

In light of the Court's obligation to construe the pleadings of *pro se* plaintiff's liberally, the Court also considers whether Mr. Jackson has stated a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Considering the factual allegations of plaintiff's complaint, plaintiff has also failed to allege a claim under *Bivens*.

*Bivens* actions are the judicially-crafted counterpart to Section 1983. They enable a plaintiff to sue individual federal officers for damages resulting from alleged violations of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991).

Since the United States Supreme Court first recognized an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional right, the expansion of *Bivens* remedies has been disfavored. *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). In fact, since *Bivens*, the United States Supreme Court has only expanded this implied cause of action twice. *Id*. (citing *Ziglar v. Abbsi*, 137 S. Ct. 1843, 1854 (2017)). "In *Davis v. Passman*, the Court provided a *Bivens* remedy under the Fifth Amendment's Due Process Clause for gender discrimination." *Vega*, 881 F.3d at 1152 (citing *Davis v. Passman*, 442 U.S. 228 (1979)). "In *Carlson v. Green,* the Court expanded *Bivens* under the Eight Amendment's Cruel and Unusual

1    Punishments Clause for failure to provide adequate medical treatment to a prisoner."

2    *Vega*, 881 F.3d at 1152 (citing *Carlson v. Green*, 446 U.S. 14 (1980)).

3           The Court has "focused increased scrutiny on whether Congress intended the

4    courts to devise a new Bivens remedy." *W. Radio Services Co. v. U.S. Forest Serv.*,

5    578 F.3d 1116, 1119 (9th Cir. 2009). In *Wilkie v. Robbins*, the Court provided a two-step

6    analysis to determine whether courts should recognize a *Bivens* remedy. *Vega*, 881

7    F.3d at 1153 (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). First, the Court must

8    consider "whether any alternative, existing process for protecting the interest amounts

9    to a convincing reason for the Judicial Branch to refrain from providing a new and

10   freestanding remedy in damages." *Wilkie*, 551 U.S. at 550. Second, in the absence of

11   an alternative, existing process, the Court must consider whether any special factors

12   counsel hesitation before authorizing a new kind of federal litigation. *Id*.

13          Further, the Court has stated that "if there is an alternative remedial structure

14   present in a certain case, that alone may limit the power of the Judiciary to infer a new

15   *Bivens* cause of action." *Ziglar v. Abbsi*, 137 S. Ct. 1843, 1858 (2017). The Court in

16   *Ziglar* reasoned that if Congress has created an alternative process to protect the

17   injured party's interest, "that itself may 'amount to a convincing reason for the Judicial

18   Branch to refrain from providing a new and freestanding remedy in damages." 137 S.

19   Ct. 1858 (quoting *Wilkie*, 551 U.S. at 550).

20          Here, plaintiff is alleging that the defendant violated his Due Process rights by

21   failing to give plaintiff proper notice of the asset forfeiture and by failing to follow

22   administrative procedures laid out in 28 C.F.R. 8.8. Dkt. 1-1 at 8. The United States

23   Supreme Court has declined to create an implied damages remedy under *Bivens* for

24

25

procedural due process claims against agency and bureau officials. *See, Ziglar*, 137 S.

Ct. at 1857 (citing *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988); *FDIC v. Myers*, 510

U.S. 471, 473-74 (1994); *Wilkie v. Robbins*, 551 U.S. 537, 547-48 (2007)).

Additionally, plaintiff is alleging that his property was seized pursuant to 18

U.S.C. § 1594. Dkt. 1-1 at 7. Section 1594(e)(2) states that "the provisions of chapter 46

of this title [18 U.S.C. §§ 981 et seq.] relating to civil forfeiture shall extend to any

seizure or civil forfeiture under this subsection." 18 U.S.C. § 983 establishes the due

process requirements for notice to be given by seizing agencies. Further, Section

983(e)(5) expressly states that the procedures for challenging a forfeiture under this

section shall be the exclusive remedy under a civil forfeiture statute.

Finally, while the Ninth Circuit has not addressed the issue, other circuit courts

and district courts within the Ninth Circuit, have refused to recognize a *Bivens* cause of

action related to due process claims for administrative forfeitures of property. *See,*

*Rankin v. United States*, 556 Fed. Appx. 305, 311 (5th Cir. 2014); *Francis v. Miligan*,

530 Fed. Appx. 138, 139 (3rd Cir. 2013); *Williams v. FBI*, 19-cv-00418-BR, 2019 WL

5295465 at * 22 (D. Or. Oct. 18, 2019); *Lefler v. United States*, 11-cv-220-LAB, 2011

WL 2132827 at **4-5 (S.D. Cal. May 26, 2011).

Accordingly, because judicial expansion of implied causes of action under *Bivens*

is disfavored, and because plaintiff's alternative—and exclusive remedy—is under 18

U.S.C. § 983, plaintiff has failed to allege a cause of action under *Bivens*.

<u>Conclusion</u>

Due to the deficiencies described above, the Court will not serve the complaint.

Plaintiff may show cause why his complaint should not be dismissed or may file an

amended complaint to cure, if possible, the deficiencies noted herein, on or before **June 26, 2020**. If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 27th day of May, 2020.


*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge