UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY J JACKSON,

        Plaintiff,

v.

KYLE MCNEIL,

        Defendants.

Case No. C19-6245 RJB-TLF

REPORT AND RECOMMENDATION

Noted for October 16, 2020

This matter is before the Court on plaintiff's response to the Court's order to show cause why his complaint should not be dismissed for failure to state a claim under *Bivens*. Dkt. 12. Plaintiff is proceeding *pro se* and has filed a motion to proceed *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, plaintiff's response has not cured the deficiencies in plaintiff's complaint, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff seeks damages for an alleged procedural Due Process violation in the deprivation of his "interest" or property rights in two motor vehicles. Dkt. 1-1 at 8. Plaintiff alleges that when the United States criminally indicted him in June 2014, the

REPORT AND RECOMMENDATION - 1

1  indictments included "a criminal forfeiture allegation, in which the United States provided
2  notice of its intent to forfeit [the two vehicles]." Dkt. 1-1, at 7. A few days later, the
3  vehicles were seized pursuant to 18 U.S.C. § 1594(d), during an FBI operation
4  coordinated by the only named defendant, Kyle McNeil. *Id.* at 8. The complaint states
5  that in August 2014, the United States Marshal's Service released one of the vehicles, a
6  red 2001 Mercedes-Benz, to the vehicle's lienholder. Dkt. 1-1 at 7.

7  According to the complaint, in September 2014 the United States provided notice
8  "that it was no longer seeking forfeiture of [the vehicles] due to lack of equity in the
9  property." Dkt. 1-1, at 7. In November 2014, the United States Marshal's Service
10 released the other vehicle identified in the indictment to the vehicle's owner, plaintiff's
11 co-defendant. Dkt. 1-1 at 8.

12 When plaintiff was convicted and sentenced in 2016, the United States did not
13 pursue forfeiture of any assets as part of his sentence. *Id*. Plaintiff alleges that he filed a
14 motion for return of seized property, pursuant to Federal Rule of Criminal Procedure
15 41(g), and the United States agreed to return currency, a tablet computer, and two cell
16 phones, to plaintiff's attorney. *Id*. Plaintiff also contends that in 2017, the Court granted
17 his second motion for return of seized property and ordered the United States to return
18 plaintiff's property in a timely fashion. *Id*. The complaint states that he filed a motion to
19 enforce the judgment and return his property, but it does not include the Court's
20 disposition of that motion. *Id*.

21 Plaintiff contends that when the United States seized, it failed to commence
22 administrative forfeiture proceedings in accordance with 28 C.F.R. 8.8., and the release
23 of the vehicles without notice or hearing constituted conversion and a constitutional
24
25

REPORT AND RECOMMENDATION - 2

violation of plaintiff's due process rights in his property. Dkt. 1-1, at 8-10. Plaintiff alleges that the release of the vehicles from the U.S. Marshal's Service constituted a government effectuation of repossession of plaintiff's property. *Id.* at 11. He cites to similar claims pursued under 42 U.S.C. § 1983. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the

REPORT AND RECOMMENDATION - 3

1  Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),
2  *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is
3  the appropriate avenue to remedy an alleged wrong only if both of these elements are
4  present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

5      *Bivens* actions are the judicially-crafted counterpart to Section 1983. They enable
6  a plaintiff to sue individual federal officers for damages resulting from alleged violations
7  of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To
8  state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured
9  by the Constitution or laws of the United States was violated, and (2) the alleged
10 deprivation was committed by a federal actor. *Van Strum v. Lawn,* 940 F.2d 406, 409
11 (9th Cir. 1991).

12     The Supreme Court expressly disfavors the expansion of *Bivens* remedies. *Vega*
13 *v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). Since *Bivens*, the United States
14 Supreme Court has only expanded this implied cause of action twice. *Id.* (citing *Ziglar v.*
15 *Abbsi*, 137 S. Ct. 1843, 1854 (2017)). The Supreme has expanded *Bivens* claims to
16 remedy violations of the Fourth Amendment's search and seizure protection, the Fifth
17 Amendment Due Process Clause regarding gender discrimination, and the Eighth
18 Amendment Cruel and Unusual Punishment Clause's proscription of failure to provide
19 adequate medical treatment to a prisoner. *Id.* (citing *Davis v. Passman*, 442 U.S. 228
20 (1979) and *Carlson v. Green*, 446 U.S. 14 (1980)).

21     In *Wilkie v. Robbins*, the Court provided a two-step analysis to determine
22 whether courts should recognize a *Bivens* remedy. *Vega*, 881 F.3d at 1153 (citing
23 *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). First, the Court must consider "whether

24

25

REPORT AND RECOMMENDATION - 4

1  any alternative, existing process for protecting the interest amounts to a convincing
2  reason for the Judicial Branch to refrain from providing a new and freestanding remedy
3  in damages." *Wilkie*, 551 U.S. at 550. "If there is an alternative remedial structure
4  present in a certain case, that alone may limit the power of the Judiciary to infer a new
5  *Bivens* cause of action." *Ziglar v. Abbsi*, 137 S. Ct. 1843, 1858 (2017). Second, in the
6  absence of an alternative, existing process, the Court must consider the existence if any
7  special factors counselling hesitation before authorizing a new kind of federal litigation.
8  *Wilkie*, 551 U.S. at 550.
9        The Court's order to show cause informed plaintiff that his claim against FBI
10 agent Kyle McNeil could only proceed under *Bivens*, not 42 U.S.C. § 1983. Dkt. 11, at
11 4-5. Furthermore, the Court explained that not all constitutional violations viable as §
12 1983 claims would be permitted under *Bivens*, due to judicial reluctance to expand this
13 non-statutory remedy absent action from Congress. *Id.* at 6. The Court informed plaintiff
14 that the failure to abide by procedural due process, including in administrative forfeiture
15 proceedings, had previously been rejected as claims under *Bivens* by other Circuits and
16 courts in this Circuit and would be disfavored by this Court. *Id.* at 7. The court also
17 informed plaintiff that a statutory remedy existed for claims regarding civil forfeiture
18 seizures under 18 U.S.C. § 1594, which would preclude *Bivens* claims on that basis. *Id.*
19       Plaintiff's response asserts his intention to pursue his claims under *Bivens*,
20 making the following four points: (1) there are no special factors counselling hesitation
21 in his case; (2) there is no alternative remedy plaintiff may pursue for this violation; (3)
22 28 U.S.C. § 983(e)(5) (regarding civil forfeiture proceedings) is inapplicable to his
23 situation, because no forfeiture of his property was ever ordered or effected in his case;
24
25

1  (4) plaintiff's claims, if not expressly barred, are properly stated and should not be
2  dismissed prior to service under 28 U.S.C. § 1915(e)(2)(b)(ii).
3     The Court acknowledges that 28 U.S.C. § 983 (on civil forfeiture) is inapplicable
4  to plaintiff's situation, and indeed so are the regulations governing administrative
5  forfeiture. Plaintiff's complaint describes property seized pursuant to criminal forfeiture
6  proceedings, as governed by 28 U.S.C. § 982 and 21 U.S.C. § 853. *See* Dkt. 1-1, at 7.
7     Furthermore, plaintiff is not challenging the seizure according to criminal
8  forfeiture proceedings either. On closer inspection of plaintiff's complaint, his factual
9  allegations do not pertain to the defendant's seizure of plaintiff's vehicles, but rather the
10 release of the vehicles to others' possession. Dkt. 1-1, at 7-8, 10-11. According to the
11 complaint, plaintiff had an ownership interest in the 2001 red Mercedes, over which a
12 lienholder held legal title. The complaint does not specify what, if any, interest plaintiff
13 had in the 2000 black Mercedes, which the complaint actually assigns to another owner
14 (plaintiff's co-defendant). Yet regarding the red Mercedes, plaintiff's complaint clearly
15 alleges that the United States Marshal's Service released the vehicle from its
16 possession to the lienholder, without notice or hearing regarding plaintiff's alleged
17 property interest in the car.
18    Plaintiff's complaint asserts that the Ninth Circuit has recognized due process
19 claims under Section 1983 when the state has effectuated repossession, that is,
20 unlawfully assisted transfer of property from a debtor (even if the debtor is a suspected
21 criminal) to a creditor or lienholder. Dkt. 1-1, at 10 (citing *Willborn v. Escalderon*, 789
22 F.2d 1328, 1332 (9th Cir. 1986) ("[A] due process claim may be made out when, without
23 notice or a hearing, the state effectuates repossession over the debtor's objections.")).
24
25

REPORT AND RECOMMENDATION - 6

1  Plaintiff's complaint thus successfully alleges a constitutional violation regarding at least
2  the release of the 2001 red Mercedes-Benz.
3      Yet plaintiff's response does not demonstrate how his complaint states a claim,
4  though it clarifies the nature of the violation challenged. First, plaintiff's complaint names
5  Kyle McNeil as the only defendant without identifying what conduct links defendant
6  McNeil to the improper release of the red Mercedes, who conducted the seizure
7  pursuant to 18 U.S.C. § 1594(d) and 28 U.S.C. § 982. Since plaintiff is not challenging
8  the seizure itself, his complaint makes no allegations against a defendant who may be
9  held liable for the alleged repossession. If this were the only issue with plaintiff's
10 complaint, plaintiff potentially would be able to cure the deficiency by amendment.
11     But the primary deficiency remains that plaintiff is not able to legally overcome
12 the Court's analysis of whether the alleged violation described supports a *Bivens* claim.
13 The first prong, whether an alternative process exists to address plaintiff's injury, may
14 be satisfied. Plaintiff has already attempted to recover the property itself through the
15 equitable remedy provided by Fed. R. Crim. P. 41(g). Dkt. 1-1, at 8. Yet Rule 41 only
16 provides for the return of property seized and still possessed by the United States, and
17 it does not provide for compensatory damages for lost property or property otherwise no
18 longer in custody. Fed. R. Crim. P. 41(g); *see United States v. Diaz*, 5117 F.3d 608, 613
19 (2nd Cir. 2008).
20     Plaintiff's allegations may also be construed as a claim for the tort of conversion,
21 filed against the United States under the Federal Tort Claims Act (FTCA). *See* 28
22 U.S.C. § 2674 (partially waiving sovereign immunity such that the United States may be
23 "in the same manner and to the same extent as a private individual under like
24
25

REPORT AND RECOMMENDATION - 7

circumstances"). Yet Section 2680 of the FTCA specifically retains the United States' sovereign immunity in circumstances such as plaintiff's, barring "claims arising in respect of …the detention of any ...property, while in the possession of any … law enforcement officer." 28 U.S.C. § 2680(c) (exceptions to the FTCA).

For the purpose of screening plaintiff's complaint, the Court may accept that plaintiff is without alternative remedies to a *Bivens* claim. Yet the Court finds that special factors counsel hesitation in the expansion of *Bivens* to procedural due process claims. The Supreme Court has previously declined to expand *Bivens* in cases involving procedural due process. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (citing a suit against Social Security officials, *Schweiker v. Chilicky*, 487 U. S. 412, 414 (1988); and a suit for wrongful termination, *FDIC v. Meyer*, 510 U. S. 471, 473-474 (1994)). Plaintiff implores the Court to distinguish this case from *Zigler*, as the Supreme Court has never explicitly barred a *Bivens* claim against potential abuse of federal officials' access to property seized, but not yet forfeited. Dkt. 12 at 2.

In maintaining that special factors militate against implying new *Bivens* liability, the Court considers Congress's attention to potential abuse of criminal forfeiture proceedings in the exceptions to the exception to the FTCA discussed above. Claims based on injury or loss of property held by federal law enforcement may be brought *only* if –

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) the interest of the claimant was not forfeited;
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and

REPORT AND RECOMMENDATION - 8

>(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 USCS § 2680(c)(1)-(4).

Because plaintiff's property was seized for the purpose of forfeiture as a sentence imposed upon conviction of a criminal offense, regardless of whether it was actually forfeited, plaintiff's situation falls outside of those circumstances Congress elected to insulate from forfeiture-related abuse. *See* 28 U.S.C. § 2680 (c)(1). Had Congress wished to provide a private action for damages in plaintiff's circumstances, it could have done so when it enacted these exceptions. Accordingly, the Court should decline to expand the scope of *Bivens* to the violation of due process alleged in plaintiff's complaint.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint or respond with cause why his complaint should not be dismissed – but the complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal of this action is for failure to state a claim under *Bivens* is proper.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **October 16, 2020**, as noted in the caption.

REPORT AND RECOMMENDATION - 9

Dated this 25th day of September, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10